IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cynthia Headley, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   13 C 9223 |
| Diverse Funding Associates, LLC, a Delaware limited liability company, and Everest Receivable Services, Inc., a Delaware corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Cynthia Headley, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, c) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Cynthia Headley ("Headley"), is a citizen of the State of California, from whom Defendants attempted to collect a delinquent consumer debt that she allegedly owed for a Citibank/Goodyear credit card account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal

Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Diverse Funding Associates, LLC ("Diverse"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Diverse operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Diverse was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Diverse is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, such as Defendant Everest Receivable Services.

6. Defendant, Everest Receivable Services, Inc. ("ERS"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant ERS operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including consumers in the State of Illinois. In fact, Defendant ERS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants Diverse and ERS are each authorized to conduct business in Illinois, and maintain registered agents here, <u>see</u>, records from the Illinois Secretary of

State, attached as Group Exhibit <u>A</u>. In fact, Diverse and ERS both conduct business in Illinois.

8. Moreover, Defendants Diverse and ERS are each licensed as collection agencies in Illinois, <u>see</u>, records from the Illinois Division of Professional Regulation, attached as Group Exhibit <u>B</u>. In fact, Diverse and ERS both act as debt collectors in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Headley is a disabled woman, with limited assets and income, who fell behind on paying her bills, including one she allegedly owed for a Citibank/Goodyear account. At some point in time, after that debt became delinquent, Defendant Diverse allegedly bought/obtained Ms. Headley's account, and when Defendants began trying to collect this debt from her, by calling her and sending her a collection letter, dated October 23, 2013, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. A copy of Defendants letter is attached as Exhibit <u>C</u>.

10. Accordingly, on November 26, 2013, one of Ms. Headley's attorneys at LASPD informed Defendants, in writing, that Ms. Headley was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Headley was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit <u>D</u>.

11.     Nonetheless, Defendants repeatedly called Ms. Headley, including, but not limited to, telephone calls on December 17, 18 and 20, 2013, from telephone number 818-937-0363, in an attempt to collect the Citibank/Goodyear debt.

12.     Accordingly, on December 23, 2013, one of Ms. Headley's LASPD attorneys had to write to Defendants again to demand that they cease communications and cease collection of the debt.  Copies of this letter and fax confirmation are attached as Exhibit E.

13.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

17.     Here, the letter from Ms. Headley's, agent/attorney, LASPD, told Defendants to cease communications and cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

18. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew that Ms. Headley was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that she was represented by counsel, and had directed Defendants to cease directly communicating with her (Exhibit D). By directly calling Ms. Headley, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Cynthia Headley, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Headley, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Cynthia Headley, demands trial by jury.

Cynthia Headley,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: December 26, 2013

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com